Dr. John Huberman v. Commissioner.
Huberman v. Commissioner
Docket No. 109627.
United States Tax Court
1943 Tax Ct. Memo LEXIS 214; 2 T.C.M. (CCH) 378; T.C.M. (RIA) 43323; June 30, 1943
*214 Held, the petitioner realized taxable income as a result of satisfying a mortgage indebtedness by the transfer of stock having a cost basis to him of less than the amount of the indebtedness discharged, where the mortgage was not shown to have been a purchase-money mortgage and where the value of the stock at the time of its transfer to the mortgagee was not shown. Samuel Klein, Esq., 60 Park Place, Newark, N. J., for the petitioner. Paul P. Lipton, Esq., for the respondent. TYSON Memorandum Findings of Fact and Opinion The respondent determined a deficiency in income tax against the petitioner for the year 1939 in the sum of $152.63. The sole issue raised by the pleadings is whether or not the petitioner realized a taxable profit during the taxable year as a result of repayment of a mortgage indebtedness by the transfer of stock having a cost basis to the petitioner of less than the amount of the indebtedness discharged. Findings of Fact The petitioner is an individual with his principal office and residence in Newark, New Jersey. On September 1, 1939, the petitioner was indebted to the Eagles Building & Loan Association (hereinafter referred to as the association) of Newark, *215 New Jersey on a bond and mortgage in the amount of $14,413.99 covering property located at 853 South 12th Street, Newark, New Jersey which the petitioner owned. The value of this property as of September 1, 1939 was $9,000. Prior to September 1, 1939 the petitioner informed the association that he wanted to abandon the property unless the association would accept a lesser sum in satisfaction of its mortgage. On September 1, 1939, the association accepted in full satisfaction of the mortgage debt cash of $13.61 and stock in the association having a value on the books of the association of $14,400 which stock the petitioner had purchased at a total cost of $9,713.67. The association had agreed to accept this stock with a book value of $14,400 so that a loss would not be shown on its books as a result of the transaction. The petitioner did not report any taxable profit on this transaction in his 1939 income tax return. The respondent determined that the petitioner had realized in 1939 a taxable profit of $4,687.21 as a result of the transaction. Opinion TYSON, Judge: It is our opinion that the petitioner realized a gain of $4,686.71 as a result of the transaction whereby he exchanged *216 the association stock having a cost basis to him of $9,713.67 for a release of his mortgage indebtedness of $14,400.38 ($14,413.99 minus $13.61 paid in cash.) There is nothing in the record indicating that the petitioner was insolvent at the time of the transaction. We hold that the gain of $4,686.71 from disposition of the stock by which petitioner received a discharge of his mortgage indebtedness to the association was income to him. ; ; ; ; , affirmed ; ; and . The petitioner contends that the repayment of the mortgage debt was merely a reorganization of the capital investment resulting in a reduction of the original cost of the mortgaged property *217 and therefore did not result in income to him. He cites as authority for his position ; , appeal dismissed, , on motion of the Government and consent of the taxpayer; , affirming ; . These cases are distinguishable in that each involved discharge of an indebtedness represented by a mortgage given for the purchase price of property by payment of a lesser amount than was owed on the indebtedness. There is nothing in this record showing that the mortgage in question was for the purchase price of the property which the mortgage covered. Thus, we have no way of knowing whether or not the transaction before us had the effect of reducing or adjusting the original purchase price of the mortgaged property as was true in the cases cited by petitioner. For aught we know the petitioner originally purchased the property outright, *218 paying the cost thereof, and later mortgaged it. In that event it could not be said that the present transaction resulted in a reduction of the purchase price. See , affirmed, without opinion, by the Circuit Court of Appeals for the Third Circuit (December 12, 1942). Neither is , decided since the filing of briefs herein, applicable to this proceeding. There the Supreme Court held, inter alia, that the cancellation of back rent in the amount of $15,298.99 by the payment of $7,500 and the gratuitous cancellation of interest constituted gifts from the debtors to the creditors and therefore were not includable in gross income. In so holding the Supreme Court stated: The forgiveness was gratuitous, a release of something to the debtor for nothing and sufficient to make the cancellation a gift within the statute. It is clear in that case that the value of what the creditors received was less at the time of its receipt than the amount of the indebtedness discharged and the difference between the two constituted a gratuitous forgiveness *219 of indebtedness. Here we do not know that the value of the stock at the time it was received by the creditor was less than the indebtedness cancelled since the record does not disclose such value. All we know is that the stock cost the petitioner $9,713.67. There has been no showing that the value of the stock at the time of its transfer to the creditor association by petitioner was less than the amount of the indebtedness discharged. If the value of the stock at the time of its transfer to the association was equal to the amount of the cancelled indebtedness, the creditor would have received full consideration for the cancellation of the indebtedness and there could have been no gift by the forgiveness of an indebtedness. Moreover, the Dental Co. case dealt only with the cancellation of part of an indebtedness and held such cancellation to be the forgiveness of a debt and consequently a gift, while here the question is gain on disposition of stock. Here there was no forgiveness of a debt or a gift, but an exchange of stock for the settlement of petitioner's indebtedness. In view of the discrepancy between the gain to the petitioner as determined by the respondent and as determined *220 by us, Decision will be entered under Rule 50.